HOWARD KOLLITZ (State Bar No. 059611)
hkollitz@dgdk.com
STEVEN J. SCHWARTZ (State Bar No. 200586)
sschwartz@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735

Attorneys for Richard K. Diamond, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GOOD SHEPHERD AMBULANCE, LLC,<br><br>Debtor. | Case No. 2:13-bk-38526-SK<br><br>Chapter 7 |
| RICHARD K. DIAMOND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EDGAR CURA,<br><br>Defendant. | Adv. No.<br><br>**COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS**<br><br>Date:   SEE SUMMONS<br>Time:   SEE SUMMONS<br>Place:  SEE SUMMONS |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.  This Bankruptcy Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O). This proceeding arises under, arises in or is related to the Bankruptcy Case of <u>In re Good Shepherd Ambulance, LLC</u>, case no. 2:13-bk-38526-SK, presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"), under Chapter 7 of the Bankruptcy Code ("Case"). The Court can and should enter a final judgment herein.

1300540.1  1338526A                              1

2. Venue of this action in this Court is proper pursuant to 11 U.S.C. § 1409(a).

3. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

## THE PARTIES

4. The Case was commenced on or about December 2, 2013 (the "Petition Date"), when Good Shepherd Ambulance, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

5. Richard K. Diamond was appointed as Chapter 11 Trustee of the Debtor on December 20, 2013. The Trustee accepted such appointment on December 24, 2013.

6. On or about January 30, 2014, the Court entered an Order converting the case to Chapter 7, effective January 28, 2014. Richard K. Diamond was appointed as Chapter 7 Trustee thereafter.

7. Plaintiff brings this adversary proceeding solely in his capacity as Chapter 7 trustee ("Plaintiff" or "Trustee").

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Edgar Cura ("Defendant") is and, at all times relevant herein, was an individual residing in the State of California.

## GENERAL ALLEGATIONS

9. Section 101(54) of the Code applicable to this Case defines the term "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

10. Plaintiff is informed and believes and, based thereon, alleges, that the Debtor made transfers to the Defendant totaling no less than $36,250.22, including, but not limited to, the transfers identified in Exhibit "1" attached hereto and incorporated herein by this reference which were made within 90 days before the Petition Date (jointly and severally, "Subject Transfers").

///

11. The Trustee is informed and believes, and based thereon alleges, there exist in this case one or more creditors holding unsecured claims allowable under § 502 of the Code or that are not allowable only under § 502(e), that could avoid the Subject Transfers under applicable California law.

### FIRST CLAIM FOR RELIEF

(To Avoid and Recover Value of Preferential Transfers)

(11 U.S.C. §§ 547 and 550)

12. Plaintiff incorporates by this reference his allegations in Paragraphs 1 through 11, inclusive.

13. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers constituted a transfer of an interest of the Debtor in property to the Defendant.

14. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made to or for the benefit of the Defendant as a creditor of the Debtor.

15. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made for or on account of an antecedent debt then owing by the Debtor to the Defendant before each of such Subject Transfers was made.

16. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made each of the Subject Transfers while the Debtor was insolvent.

17. Plaintiff is informed and believes and, based thereon, alleges that each of the Subject Transfers was made within 90 days prior to the Petition Date.

18. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfers enabled the Defendant to receive more than the Defendant would receive if the Subject Transfers had not been made and the Defendant instead received payment on Defendant's claim only to the extent provided by Chapter 7 of the Code.

19. Pursuant to Section 547(b) of the Code, Plaintiff may avoid the Subject Transfers.

20. Pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum

legal rate from and after the date of each of the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $36,250.22.

### SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Value of Fraudulent Transfers)

21. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Subject Transfers with the actual intent to hinder, delay, or defraud one or more of its creditors.

23. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

24. Pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof, which Plaintiff believes to be not less than $36,250.22.

### THIRD CLAIM FOR RELIEF

(For Avoidance and Recovery of Value of Fraudulent Transfers)

25. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than a reasonably equivalent value in exchange for the Subject Transfers.

27. Plaintiff is informed and believes and, based thereon, alleges that, at the time the Subject Transfers were made, the Debtor was either insolvent or became insolvent as a result of the Subject Transfers.

28. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

///

29. Pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $36,250.22.

## FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Value of Fraudulent Transfers)

30. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiff is informed and believes and, based thereon, alleges that at the time of the Subject Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which Debtor's remaining assets were unreasonably small capital.

32. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

33. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $36,250.22.

## FIFTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Value of Fraudulent Transfers)

34. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. Plaintiff is informed and believes and, based thereon, alleges that at the time of the Subject Transfers the Debtor intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond the ability of the Debtor to pay as such debts matured.

36. Pursuant to 11 U.S.C. Sections 544(b) and 548 as well as other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

37. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the value of the property transferred by the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each Subject Transfers, in a sum according to proof, which Plaintiff believes to be not less than $36,250.22.

WHEREFORE, the Trustee prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the value of the property transferred in favor of the Plaintiff and against the Defendant in a sum according to proof, but in any event no less than $36,250.22;

**ON THE SECOND THROUGH FIFTH CLAIMS FOR RELIEF AND EACH OF THEM:**

2. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding the value of the property transferred in favor of the Plaintiff and against the Defendant in a sum according to proof, but in any event no less than $36,250.22;

**ON EACH AND ALL CLAIMS FOR RELIEF:**

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of each of the respective Subject Transfers;

4. For costs of suit incurred; and,

5. For such other and further relief as the Court deems just and proper.

DATED: November 6, 2015              DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
STEVEN J. SCHWARTZ
Attorneys for Richard K. Diamond, Chapter 7 Trustee

# EXHIBIT 1

**In RE: Bankruptcy Estate of Good Shepherd Ambulance, LLC**
Case No: 2:13-bk-38526-SK
Payments Made Within 90 Days of Petition Date
Period: 9/3/2012 - 12/2/2013
Payee: Edgar Cura

| Transaction Date | Type | Disbursement | Memo |
|---|---|---|---|
| 9/3/2013 | Check | 3,100.01 | Loan Payable, Finance Charges |
| 9/5/2013 | Check | 3,100.02 | Loan Payable, Finance Charges |
| 9/12/2013 | Check | 3,050.03 | Loan Payable, Finance Charges |
| 9/24/2013 | Check | 4,250.00 | Loan Payable, Finance Charges |
| 10/15/2013 | Check | 4,250.00 | Loan Payable, Finance Charges |
| 10/17/2013 | Check | 4,000.01 | Loan Payable, Finance Charges |
| 10/23/2013 | Check | 4,000.02 | Loan Payable, Finance Charges |
| 10/28/2013 | Check | 3,500.01 | Loan Payable, Finance Charges |
| 11/21/2013 | withdrawa | 2,000.00 | Partial payment 2000/3500, Loan Payable |
| 11/25/2013 | Check | 3,500.10 | Loan Payable, Finance Charges |
| 11/25/2013 | Check | 1,500.02 | Loan Payable |

**Total:**    36,250.22



EXHIBIT 1

7

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>RICHARD K. DIAMOND, Chapter 7 Trustee | **DEFENDANTS**<br>EDGAR CURA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven J. Schwartz<br>Danning, Gill, Diamond & Kollitz, LLP<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other  Defendant<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO AVOID AND RECOVER VALUE OF PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law  ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint  Demand $ 36,250.22

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GOOD SHEPHERD AMBULANCE, LLC | BANKRUPTCY CASE NO.<br>2:13-BK-38529-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>SANDRA R. KLEIN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>11/6/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>/s/ Steven J. Schwartz | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.